Geyer v. Public Service Railway Co.     *98 N. J. L.*

---

CARL GEYER, APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

CARL GEYER AND ELIZABETH GEYER, APPELLANTS, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Argued November 22, 1922—Decided March 5, 1923.

1. It is not error for the court to refuse a request to charge which was substantially covered by the instruction given.

2. The true rule is that it is the duty of the motorman of a trolley car, in approaching a street intersection, to have his car so far under control that he will not endanger the safety of a vehicle, driven with reasonable care, which may happen to cross the tracks in front of the trolley car.

3. A trial judge is not required to adopt the precise words of a request, and is justified in modifying it in order to accurately express the legal rule called for and charging it in such modified form.

4. A request to charge that "A motorman must expect that other vehicles will cross his tracks at intersecting streets, and must keep his car under control in order to avoid collision at those streets," was properly denied, because it was too broad, since it placed improperly the whole burden of avoiding a collision upon the motorman of the trolley car, without any regard to the recklessness of the driver of the other vehicle.

5. The omission of a trial judge to instruct a jury on a particular point is no ground for reversal unless such instruction be specifically requested.

---

On appeals from the Essex County Circuit Court.

For the appellants, *Andrew J. Whinery* and *William H. Osborne.*

For the respondents, *Leonard J. Tynan.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiffs below, husband and wife, were both injured in a collision between a taxicab (in which they were riding on their return from a funeral) and a trolley car of the defendant company. The accident occurred on Central avenue, in East Orange, at the intersection of St. Agnes lane. Each sued and the cases were tried together. The jury returned a verdict in favor of the defendant in each case, and the plaintiffs' appeal from the consequent judgments.

The grounds of appeal are the same in both cases, and the principal ground is that the court erred in refusing to charge requests Nos. 1, 2, 9 and 10.

Request No. 1, in its essence, was that even if the driver of the taxicab was negligent, and his negligence contributed to the accident, nevertheless that negligence could not be imputed to the plaintiffs. This request was charged, in fact, the court saying, "Of course, no negligence of his" (the driver of the taxicab) "can be imputed to these passengers." It is not error for the court to refuse a request to charge which was substantially covered by the instruction given. *Daggett* v. *North Jersey Street Railway Co.,* 75 N. J. L. 630; *Pavan* v. *Worthen & Aldrich Co.,* 80 *Id.* 567; *affirmed,* 82 *Id.* 615.

Request No. 2 was as follows: "It is the duty of a motorman of a street railway car when approaching an intersecting street to have his car so far under control that he will not endanger the safety of other vehicles crossing the trolley tracks at such intersection." The court charged this request (with a proper modification) in the following language: "It was the duty of the motorman on his approach to St. Agnes lane to have his car so far under control that he would not endanger the safety of a vehicle, *driven with reasonable care,* in crossing the trolley tracks at the street intersection." That was in accordance with the true rule, which is that it is the duty of the motorman of a trolley car, in approaching a street

intersection, to have his car so far under control that he will not endanger the safety of a vehicle, driven with reasonable care, which may happen to cross the tracks in front of the trolley car. *Peterpolo* v. *Public Service Railway Co.*, 81 *N. J. L.* 390; *Kraut* v. *Public Service Railway Co.*, 82 *Id.* 437; *Devine* v. *Public Service Railway Co.*, 85 *Id.* 243. Of course, the trial judge was not required to adopt the precise words of the request to charge, and was justified in modifying it in order to accurately express the legal rule called for and charging it in such modified form.

The ninth request was that "a motorman must expect that other vehicles will cross his tracks at intersecting streets and must keep his car under control in order to avoid collision at those streets." This request was properly refused because it was too broad, since it placed improperly the whole burden of avoiding a collision upon the motorman, without any regard to the recklessness of the driver of the other vehicle. The true rule upon that topic was charged.

The tenth request, in so far as it was proper, was charged in effect.

The only other reason for reversal argued is "that the charge failed to make it clear to the jury that any negligence on the part of the motorman contributing to the accident would justify a verdict for the plaintiffs."

We believe that this reason is ill-founded in point of fact. Moreover, the omission of a trial judge to instruct a jury on a particular point is no ground for reversal unless such instruction be specifically requested. *Daggett* v. *North Jersey Street Railway Co.*, supra; *Van Sciver* v. *Public Service Railway Co.*, 96 *N. J. L.* 13. And that the plaintiffs did not do.

The judgments will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.